## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

PATRICK SICONOLFI
   and
CARRIE SICONOLFI
1375 Elm Road
Vineland NJ 08360,

                      Plaintiffs

   vs.

SPRINGLEAF FINANCIAL
814 White Horse Pike
Oaklyn NJ 0817-1266

And

TRANS UNION LLC.
2 Baldwin Place
1510 Chester Pike
Crum Lynne, PA 19022

And

EQUIFAX INFORMATION SERVICES LLC
1150 Lake Hearn Drive NE
Atlanta, GA  30343

And

EXPERIAN INFORMATION SOLUTIONS INC
601 Experian Way
Allen TX 75013

                Defendants

## COMPLAINT

## I.  INTRODUCTION

1.  This is an action for damages brought by a consumer pursuant to the Fair Credit Reporting Act ("FCRA"), 15U.S.C. §1681, ET SEQ.

2.  The FCRA requires a creditor to provide accurate information to the credit reporting agencies and to conduct proper investigation of disputed information.  15 U.S.C. §1681s-2.

1

3.   The FCRA also requires credit reporting agencies to report accurate information and to conduct a proper investigation of disputed information.  15 U.S.C. § 1681e(b) and 1681i(a).

## II.   JURISDICTION

4.  Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1337.

## III.   PARTIES

5.   Plaintiffs are Patrick and Carrie Siconolfi ("Plaintiffs"), consumers who reside in Vineland, New Jersey at the address captioned.

6.   Defandant  Springleaf Financial ("Springleaf")  is a subsidiary of Fortress Investment Group, a U.S. company which regularly does business in New Jersey/Pennsylvania with a mailing address as captioned.

7.   Springleaf regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about credit transactions or experiences with consumer(s).  15 U.S.C. § 1681s-2(b).

8.   Trans Union LLC ("Trans Union") is a Pennsylvania corporation with an office for the regular transaction of business in this district at the captioned address.

9.   Equifax Information Services, LLC ("Equifax") is a foreign corporation which regularly does business in this district with a service address as captioned.

10.   Experian Information Solutions, Inc. ("Experian") is a foreign corporation which regularly does business in this district with a service address as captioned.

11.   Trans Union, Equifax and Experian are each a "consumer reporting agency" as defined in 15 U.S.C. § 1681(f).

12.   Trans Union, Equifax and Experian are collectively referred to as the "Credit Bureaus".

13.   Each of the Credit Bureaus regularly engage in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d), to third parties.

14.   Each of the Credit Bureaus disburses or provides such consumer reports to third parties under contract for monetary compensation.

## IV.   **STATEMENT OF CLAIM**

15.   On April 10, 2011, Plaintiffs purchased furniture from Viking Furniture located at 1612 W. Marlton Pike (RT 70) Cherry Hill NJ 08002.  Purchase was in the amount of $3659.40.  Viking Furniture offered financing with a 6 month "same as cash" option; meaning no interest would be assessed if the $3659.40 was paid in full within the 6 month time frame.

16.   The loan for purchase was financed through Springleaf Financial, with an account number 08394*** (redacted in part per Rule 5.2).

17.   Upon receipt of the first statement in April 2011, Plaintiffs discovered that the balance was listed at $5725.44 and not the amount borrowed ($3659.40).

18.   Plaintiff contacted Springleaf Financial via telephone shortly after receipt of the April statement, asking to correct the mistake.   Representative of Springfield Financial at first denied that plaintiffs had credit with them, then stated that they would "look into it".

19.   Plaintiffs received copies of their credit reports in July 2011 for an unrelated matter.  It was found that Springleaf Financial was reporting a loan amount of $5725.44 to the three Credit Bureaus, Trans Union, Equifax and Experian.

20.   Plaintiffs again contacted Springleaf financial via telephone to dispute the amount of the loan.  A representative of Springleaf stated that they would not correct the information they reported to the Credit Bureaus.

21.   Plaintiffs wrote to Springleaf on September 20, 2011 disputing the amount of the loan, requesting that Springfield correct the amount of the loan and to correct the amount reported to the Credit Bureaus.

22.   Plaintiffs wrote to the three Credit Bureaus on the same date, disputing the original amount of the loan, and the outstanding balance that was being reported.

23.   In response to Plaintiffs September 20, 2011 letter, Springleaf advised via letter that the amount reported to the three Credit Bureaus was correct and would not be ammended.

24.   In response to plaintiffs September 20, 2011 letter of dispute, each of the Credit Bureaus advised that the account information was "verified" and continued to report the incorrect amount.

25.   It should be noted that in the response received from Equifax dated September 29, 2011, they report different balances for the same loan/account number on the credit report for each plaintiff.  Plaintiff Carrie Siconolfi has a balance of $4150.00 while plaintiff Patrick Siconolfi has a balance of $5100.00

26.   As of October 12, 2011 the account has been paid in full, with payments totaling $3659.40.

3

27. On or about October 20, 2011 Plaintiffs received written confirmation from Springfield that the account was paid in full.

28. As of April 4, 2012, Springleaf Financial is reporting a balance on the account to the three Credit Bureaus of $4150.00.

29. As of April 4, 2012, each of the Credit Bureaus are reporting a balance of $4150.00 on the plaintiffs credit reports with regards to the paid Springfield Financial account.

30. Under the FCRA, the Credit Bureaus are required to report accurate information and to conduct a proper investigation of disputed information. 15 U.S.C. § 1681e(b) and §1681i(a).

31. Each of the Credit Bureaus failed to conduct a reasonable and adequate investigation into Plaintiffs disputed credit reporting and continued to report false and inaccurate information to any potential credit grantor who accessed Plaintiffs credit report.

32. Each of the Credit Bureaus has willfully and/or negligently failed and refused to remove the inaccurate information pertaining to the account.

33. Pursuant to 15 U.S.C. § 1681s-2(b), a furnisher of information, like Springleaf Financial, has a duty upon notice of dispute to conduct an investigation with respect to the disputed information and report the results of the investigation to the consumer reporting agency. The investigation must be done reasonably and adequately.

34. Springleaf failed to conduct a reasonable and adequate investigation or reinvestigation upon Plaintiff's proper dispute to the Credit Bureaus.

35. Springleaf, instead of correcting inaccurate information reporting, re-verified it.

36. As of April 4, 2012, Springleaf is still reporting false and inaccurate information with regard to the Plaintiff's account.

37. At all times relevant hereto, Springleaf knew or should have known that that it was reporting false and inaccurate information about the Plaintiffs in connection with their account.

38. Plaintiffs have written to, and spoken directly with Springleaf to dispute the information furnished to the Credit Bureaus, and to request that the false, negative and inaccurate reporting be removed.

39. Springleaf has willfully and/or negligently refused to remove the inaccurate reporting information.

40. As a result of each Defendant's willful, wanton, reckless and/or negligent action, Plaintiffs have been damaged.

4

41. As a result of the false and inaccurate information reported by each Defendant, Plaintiffs have been damaged.

42. Plaintiffs have suffered mental anguish, emotional distress, worry, humiliation and embarrassment as a result of Defendants actions.

43. Plaintiffs have suffered pecuniary loss, been denied credit, and expended significant time and effort to address their credit reports.

## COUNT 1—FAIR CREDIT REPORTING ACT
### (SICONOLFI v. SPRINGLEAF)

44. Plaintiffs repeat the allegations contained above as if the same were here set forth at length.

45. Springleaf has violated the Fair Credit Reporting Act by willfully and/or negligently failing to comply with the requirements imposed under 15 U.S.C. § 1681s-2(b), including the failure to fully and properly investigate Plaintiffs dispute and by failing to correctly report results of an accurate investigation to each of the Credit Bureaus.

46. Springleaf has violated the Fair Credit Reporting Act by willfully and/or negligently reporting false information about Plaintiffs after being put on proper notice of the inaccuracy.

**WHEREFORE**, Plaintiffs Patrick and Carrie Siconolfi demands judgment against Defendant Springleaf Financial for:

    (a)    Actual and compensatory damages;
    (b)    Punitive damages;
    (c)    All fees and costs; and
    (d)    Such other and further relief as the Court shall deem just and proper.

## COUNT II—FAIR CREDIT REPORTING ACT
### (SICONOLFI v. TRANS UNION)

47. Plaintiffs repeats the allegations contained above as if the same were here set forth at length.

48. In the entire course of its action, Trans Union willfully and/or negligently violated provisions of the FCRA in the following respects:

    (a)    by failing, in the preparation of the consumer reports concerning the Plaintiffs, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports.

(b)     by willfully and/or negligently failing to comport with FCRA section 1681i.

**WHEREFORE**, Plaintiffs Patrick and Carrie Siconolfi demands judgment against Defendant Trans Union LLC for:

(a)     Actual and compensatory damages;
(b)     Punitive damages;
(c)     All fees and costs; and
(d)     Such other and further relief as the Court shall deem just and proper.

## COUNT III—FAIR CREDIT REPORTING ACT
### (SICONOLFI v. EQUIFAX)

49.  Plaintiffs repeat the allegations contained above as if the same were here set forth at length.

50.  In the entire course of its action, Equifax willfully  and/or negligently violated the provisions of the FCRA in the following respects:

(a)     by failing, in preparation of the consumer reports concerning the Plaintiffs, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports.

(b)     by willfully and/or negligently failing to comport with FCRA section 1681i.

**WHEREFORE**, Plaintiffs Patrick and Carrie Siconolfi demands judgment against Defendant Equifax Information Services, LLC for:

(a)     Actual and compensatory damages;
(b)     Punitive damages;
(c)     All fees and costs; and
(d)     Such other and further relief as the Court shall deem just and proper.

## COUNT IV—FAIR SREDIT REPORTING ACT
### (SICONOLFI v. EXPERIAN)

51.  Plaintiffs repeat the allegations contained above as if the same were here set forth at length.

52.  In the entire course of its action, Experian willfully and/or negligently violated the provisions of the FCRA in the following respects:

(a)     by failing in preparation of the consumer reports concerning the Plaintiffs, to follow reasonable procedures to assure maximum possible accuracy of the information

in the reports.

(b)   by willfully and/or negligently failing to comport with FCRA section 1681i.

**WHEREFORE**, Plaintiffs Patrick and Carrie Siconolfi demand judgment against Defendant Experian Information Solutions, Inc. for:

(a)   Actual and compensatory damages;
(b)   Punitive damages;
(c)   All fees and costs; and
(d)   Such other and further relief as the Court shall deem just and proper.

## V.   **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 4/20/2012

PATRICK A. SICONOLFI
1375 Elm Rd.
Vineland, NJ 08360
(856) 692-4118