UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK SICONOLFI, et al., | Civil No. 12-2467 (NLH/KMW) |
| Plaintiffs, | |
| v. | **ORDER** |
| SPRINGLEAF FINANCIAL, et al., | |
| Defendants. | |

**HILLMAN, District Judge**

    This matter having come before the Court by way of pro se plaintiffs Patrick and Carrie Siconolfi's motion [Doc. No. 8] for default judgment against Defendant Springleaf Financial Services, Inc.; and

    Plaintiffs having requested default judgment because Defendant Springleaf Financial Services, Inc. allegedly failed to answer or otherwise respond in this action after being served[1] with a copy of the complaint on May 31, 2012; and

---

1. Plaintiffs aver that the complaint was served "via the United States Postal Service[,]" "was sent Certified Mail/Return Receipt[,]" and "was received on May 31, 2012." (Aff. in Supp. of Mot. [Doc. No. 8] ¶ 1.) By letter dated June 29, 2012, from Joy Harmon Sperling, Esquire, counsel for Defendant Springleaf Financial Services, Inc., improperly plead as "Springleaf Financial", Defendant raised the issue of whether service was properly effected on Springleaf Financial Services, Inc. (Letter dated June 29, 2012 from Joy Harmon Sperling, Esquire [Doc. No. 13] 1.) In ruling on the present motion, the Court makes no finding regarding whether or not service was properly effected upon Defendant Springleaf Financial Services, Inc.

The Court noting that under Federal Civil Procedure Rule 55, obtaining a default judgment is a two-step process--first, when a defendant has failed to plead or otherwise respond, a plaintiff must request the entry of default by the Clerk of the Court, FED. R. CIV. P. 55(a), and second, after the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court for such relief, FED. R. CIV. P. 55(b), see Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, 175 F. App'x 519, 521 n.1 (3d Cir. 2006); and

The Court noting that Plaintiffs have by-passed the first step of the process by failing to request the entry of default by the Clerk of the Court pursuant to Rule 55(a); and

The Court finding that Plaintiffs' motion for default judgment cannot be granted in the absence of a prior entry of default against Defendant by the Clerk of the Court, see Nationwide Mut. Ins. Co., 175 F. App'x at 521 n.1 (recognizing that "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).").

Accordingly,

    IT IS on this   9th   day of    July   , 2012, hereby

    **ORDERED** that Plaintiffs' motion [Doc. No. 8] for default judgment shall be, and hereby is, **DENIED WITHOUT PREJUDICE**.

|  |  |
|---|---|
| At Camden, New Jersey | /s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |